FRANKLIN M. DREW, Judge of Probate, by Magloire Cote,

*vs.*

REGIS PROVOST, et als.

Androscoggin.    Opinion April 1, 1905.

*Descent and Distribution.    Assignment of Interest.    Evidence.    Fraud.    Res Judicata.*

1. If made for a legal consideration and without fraud, an assignment of one's interest in the estate of a decedent before the estate is settled and his right to a distributive share is established, is valid and is a defense to action by the assignor to recover for his own use the share adjudged by the probate court to be due him as distributee.

2. In such action the adjudication of the probate court is conclusive upon the defendant, but nevertheless, to meet the charge of fraud in obtaining the assignment, he may introduce evidence of circumstances tending to show that at the time of the assignment the assignor must have doubted his right to a distributive share.

3. In this action, though the probate court has adjudicated that the assignor, the plaintiff, was the husband of the decedent at her death, a record of his divorce from another woman, since his marriage to the decedent and before the assignment, is admissible as tending to show his belief that he was rightfully married to the other woman and so had ceased to be the husband of the decedent.

See *Bergeron* v. *Cote*, 98 Maine, 415.

On motion and exceptions by plaintiff.    Overruled.

Debt on a probate bond, brought in the interest of Magloire Cote who as plaintiff in interest sought to recover the amount of the

distributive share of the estate of Caroline Cote, deceased, decreed to him as the husband of said deceased.

Regis Provost, one of the defendants, was the administrator of the estate of said deceased, and in this action Carice Bergeron, as defendant in interest, intervened, claiming the aforesaid distributive share under an assignment thereof from the aforesaid Magloire Cote which said assignment the said Cote claimed to avoid for fraud.

The action was tried at the September term, 1904, of the Supreme Judicial Court, Androscoggin County, and the verdict was for the defendants. Thereupon the plaintiff filed a general motion for a new trial, and also took exceptions to certain rulings of the presiding Justice made during the progress of the trial.

The case is sufficiently stated in the opinion.

*Oakes, Pulsifer & Ludden,* for plaintiff.

*McGillicuddy & Morey,* for defendants.

SITTING: WISWELL, C. J., EMERY, STROUT, SAVAGE, POWERS, JJ.

EMERY, J. When the estate of Caroline Cote, deceased, was ready for distribution a question arose whether one Magloire Cote was entitled to a distributive share as husband of the deceased. His claim as such was sustained by the Supreme Court of Probate, *Bergeron* v. *Cote,* 98 Maine, 415. The administrator still declining to. pay over to him the husband's distributive share, he brought this action in the name of the Judge of Probate on the administrator's official bond to recover such share.

At the trial it appeared that, before the commencement of the action and before the settlement of the estate in the Probate Court and before his right as husband had been adjudicated, the plaintiff in interest, for a consideration and by sufficient instrument of assignment, had assigned all his interest in the estate of Caroline Cote to Carice Bergeron one of her brothers. Whether this instrument of assignment was invalid as obtained by misrepresentation or other fraud upon the part of Bergeron, was the only question at issue before the jury.

VOL. C 9

I. Exceptions. The defendant offered in evidence a certified copy of a record of divorce obtained by Magloire Cote from a woman other than Caroline Cote (the deceased) subsequent to the time of Magloire Cotes' marriage to the deceased. To this the plaintiff objected on the ground that the fact that Magloire Cote was the legal husband of Caroline at the time of her death had been adjudicated and could not be questioned in this action, and hence the only effect of the offered evidence would be to prejudice the jury against him. The assignment, however, was made before Magloire's right as husband was established, and even before he made any claim as husband. In rebutting the plaintiff's contention that the assignment was obtained by misrepresentation, the defendant was entitled to show how the situation appeared at the time of the assignment, even though afterward it was found to be different in fact. At that time it was undetermined whether Magloire Cote was Caroline's husband at the time of her death. It may have been that, without suggestion from Bergeron or any one, he believed he was not her husband, that he believed a subsequent marriage by him to another woman had lost him all rights as the husband of Caroline. With such a belief, with circumstances thus appearing to him, he might well have been willing to relinquish to her relatives for a mere nominal sum, or for nothing, all claim on her estate. Indeed, he might have thought it his duty to do so. The record of a divorce he had obtained from another woman was certainly evidence that he believed he had legally married such other woman, and that circumstance was certainly admissible as showing Magloire's view of his rights when he executed the assignment.

In his charge the presiding justice carefully explained to the jury that they must assume Magloire Cote to have been in fact the husband of Caroline at her death, that the record of the divorce from the other woman and all the other circumstances were not admissible and could have no weight against that adjudication of the probate court, but that the divorce record and other circumstances were admissible and could be considered as indicating the plaintiff's opinions and situation at the time he made the assignment, and as indicating what may have influenced him to make the assignment.

It should need no argument to show that the evidence was properly admitted, the issue clearly stated, and the rights of the plaintiff carefully guarded.

II.   The Motion.   The evidence to establish misrepresentation by Bergeron was stoutly contradicted by him and by others.   Many witnesses called by the plaintiff were shown to have made contradictory statements at different times.   If the witnesses for the defense told the truth there were no misrepresentations sufficient to avoid the assignment.   Under these circumstances the verdict for the defendant must stand.

*Motion and exceptions overruled.*